## WELLS FARGO BANK & UNION TRUST CO. v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 19259.

District Court, N. D. California, S. D.

Nov. 10, 1934.

Arnold C. Lackenbach and Heller, Ehrman, White & McAuliffe, all of San Francisco, Cal., for plaintiff.

Leo R. Friedman and Knight, Boland & Riordan, all of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

Defendant moves for a new trial upon several grounds, only one of which need be noticed, viz., that "the court's instruction to the jury to the effect that the burden of proof to establish suicide was on the defendant insurance company" was error.

The action is upon a policy of life insurance issued by defendant company upon the life of Walter A. Radius; the plaintiff being trustee under a trust agreement. The policy provides for the payment of $15,000 to the beneficiary, said trustee, upon receipt of proof of death of Radius occurring while the policy is in force. The policy contains a so-called "double indemnity" provision, by which defendant agrees to pay an additional $15,000 in case death resulted from "bodily injury effected solely through external, violent, and accidental means."

Radius' death was caused by asphyxiation due to carbon monoxide gas, generated by his automobile upon which he had been working in his garage.

In his opening statement, defendant's counsel said:

"The defense that is pleaded and that is being urged by the Mutual Life Insurance Company in this case is a dual one. The first defense is one to which practically all of the cross-examination so far has been directed, that the death of Walter Radius was not effected directly and exclusively of all other causes by external, violent and accidental means. * * *

"Secondly, we will devote our time this morning to presenting to you a picture, as nearly as we are able to get the witnesses to do so, showing the financial condition, the mental condition, the mental worries, the acts and activities of Walter Radius at or about the time of his death, such evidence being directed to our second defense, that Walter Radius took his own life intentionally."

The case was tried with a jury upon the theory above stated; the court charging the jury upon the second issue that the burden of proving death by suicide by a preponderance of the evidence rested upon the defendant.

Defendant mainly relies upon the case of New Amsterdam Casualty Co. v. Breschini (C. C. A. 9) 64 F.(2d) 887, to establish the error claimed. Judge Wilbur was the author of the opinion in the case cited, which defendant's counsel interprets as overruling the holding of the United States Supreme Court in Travellers' Ins. Co. v. McConkey, 127 U. S. 661, 8 S. Ct. 1360, 32 L. Ed. 308. In the McConkey Case "the action was brought upon a policy of accident insurance containing almost identical provisions with the accident provisions of the policy here in suit. At the trial the court charged the jury that the burden of proving death by suicide by a preponderance of the evidence rested upon the defendant, that the presumption was that death was not voluntary, and that the defendant, in

order to sustain the issue of suicide upon its part, must overcome this presumption and satisfy the jury that the death was voluntary. That charge, as applicable to a case of this kind, was unequivocally approved by the Supreme Court, the court saying: 'Did the court err in saying to the jury that, upon the issue as to suicide, the law was for the plaintiff, unless that presumption was overcome by competent evidence? This question must be answered in the negative.'" See New York Life Ins. Co. v. Ross ( C. C. A.) 30 F.(2d) 80, 83.

Defendant's counsel quotes a paragraph from Judge Wilbur's opinion which, when considered apart from its text, apparently gives support to defendant's argument, but a reading of the entire opinion discloses that the central idea of it is that the insured's death was fully explained, therefore the trial court's instructions relative to the burden of proof were erroneous. Contemplating the facts of the case before him, Judge Wilbur said: "There were numerous instructions upon the question of burden of proof and upon the presumption of accident in the case of unexplained injury. They are not applicable to a fully explained injury and should not have been given." Page 890 of 64 F.(2d).

In Tschudi v. Metropolitan Life Ins. Co. (C. C. A.) 72 F.(2d) 306, death was due, as here, to monoxide gas, and the insurance policy sued upon contained the double indemnity provision. In the court's opinion, Judge Martineau used the following apt language, which is applicable here: "Before she [plaintiff] can recover she must first show that deceased's death was due to external violence, and, secondly, that it was due to accidental means. The proof concededly shows that death was caused by monoxide gas. Death due to monoxide gas is by external violence. Metropolitan Life Insurance Co. v. Broyer (C. C. A.) 20 F.(2d) 818; New York Life Insurance Company v. Brown (C. C. A.) 39 F.(2d) 376. It being shown that death was due to external violence by inhaling monoxide gas, it then devolved upon plaintiff to show that the gas was not intentionally and purposely inhaled by the deceased. That burden is met by proof of death by inhaling monoxide gas, for the applicable presumption of law is that the inhaling of the gas was accidental, and death was due to accidental means. This shifted the burden to the defendant to show that the gas was intentionally and purposely inhaled." Page 308 of 72 F.(2d). Travellers' Insurance Company v.

McConkey, supra; Metropolitan Life Insurance Company v. Broyer, supra; New York Life Insurance Company v. Ross (C. C. A.) 30 F.(2d) 80.

The motion for a new trial will be denied.